Claflin v. Mess.

---

### AARON CLAFLIN

*v.*

### PHILIP MESS and others.

1. As to debts existing at the time a voluntary conveyance is made, the law raises a conclusive presumption of fraud, but a subse-quent creditor can only impeach such a conveyance by showing fraud in fact.

2. A subsequent creditor may avoid a voluntary deed on the ground that it was made to defraud existing creditors, but, in order to do so,

Claflin *v.* Mess.

he must show debts still outstanding which existed when the deed alleged to be fraudulent was made.

3. Payment by a grantor of all his debts existing at the time he makes a voluntary conveyance, repels the idea that he thereby intended to defraud his creditors.

On final hearing, on bill, answer and proofs.

*Mr. S. H. Jones* and *Mr. John R. Emery*, for complainant.

*Mr. Carl Lentz* and *Mr. S. H. Pennington*, for defendants.

THE VICE-CHANCELLOR.

This suit is brought by a judgment creditor to set aside certain conveyances alleged to have been made in fraud of creditors. The title sought to be avoided was made October 4th, 1870, and was put on record January 16th, 1871. No dealings took place between the judgment debtor and the complainant until May 26th, 1871, and the debt on which the complainant's judgment is founded was not incurred until 1873.

In respect to debts existing at the time a voluntary settlement or conveyance is made, the law raises a conclusive presumption of fraud, and no circumstances can be shown which will repel that presumption. It is a sound principle of law, as well as of morals, that a man must be just before he is generous. But there is no such presumption in respect to subsequent debts, and a creditor whose debt is incurred subsequent to the making of a voluntary deed, in order to impeach it, must show fraud in fact. *Cook* v. *Johnson*, 1 *Beas.* 54; *Belford* v. *Crane*, 1 *C. E. Gr.* 271; *Ridgeway* v. *Underwood*, 4 *Wash. C. C.* 137; *Reade* v. *Livingstone*, 3 *Johns. Ch.* 481. Actual fraud may be established in the same way and by the same means that any other fact may be proved. It may be considered proved when it appears that, after deducting the property which is the subject of the gift, the grantor has not retained sufficient available assets for the pay-

Claflin *v.* Mess.

ment of his debts (*Freeman* v. *Pope*, *L. R.* (5 *Ch. Ap.*) 544)
and it may also be inferred in case the grantor retains suffi-
cient property to pay his debts, but does not actually pay
them, but applies his property to some other use (*Spirett* v.
*Willows*, 3 *DeG. J. & S.* 302); and so, too, a fraudulent pur-
pose will be regarded as manifest where a grantor secretly
makes a voluntary deed with a view to future indebtedness,
and with a design of so placing his property that he may
have the benefit of it in getting credit, but of having it
beyond the reach of his creditors in case his business is
unsuccessful.   *Cramer* v. *Reford*, 2 *C. E. Gr.* 383.

A subsequent creditor may also impeach a voluntary
deed, simply on the ground that it was made with intent to
defraud existing creditors.   1 *Am. Lead. Cas.* 40; 1 *Story's
Eq. Juris.* § 361; *King* v. *Wilcox*, 11 *Paige* 594.   But, in such
a case, in order to establish a good title to relief, he must
show that, at the time of the commencement of his suit,
there were debts still outstanding which the grantor owed
at the time he made the deed, otherwise no foundation is
laid for avoiding it as a fraud upon antecedent creditors, for
if the grantor has paid all his debts incurred prior to the
conveyance, that fact fully repels all idea of fraud as to
them.   *Hunt on Fraud. Con.* 52; 1 *Am. Lead. Cas.* 41; *Spi-
rett* v. *Willows*, 3 *DeG. J. & S.* 292; *Freeman* v. *Pope*, *L. R.*
(9 *Eq.*) 205; *S. C., L. R.* (5 *Ch. Ap.*) 536; *Lush* v. *Wilkinson*,
5 *Ves.* 387; *Kidney* v. *Consomaher*, 12 *Ves.* 156.   The com-
plete dominion which the law gives every man over his
property, allows him to do with it as he pleases while he is
free from debt, or so long as he pays his debts.

For present purposes it will be assumed, notwithstanding
some evidence to the contrary, that the deed in controversy
is without sufficient consideration to support it against cred-
itors whose debts existed at the time it was made.   The
complainant's rights as a creditor arose long after the title
he seeks to avoid became a matter of public record.   The
evidence will not support a finding that the deed in question
was made with intent to defraud future creditors; on the

contrary, it is shown quite clearly that the grantor discharged all his debts for more than a year after the deed was made, with quite as much promptness as most persons engaged in trade. It is not shown that a single debt which existed at the date of the conveyance, was still outstanding when this suit was commenced. The complainant attempted to show that such a debt still existed, but his effort resulted in proving that the particular debt he had in mind had been fully paid in less than a year after the deed was made. The evidence wholly fails to show that, at the time this action was brought, there was a single debt or liability of the defendant outstanding or undischarged which existed at the date of the deed. There were, therefore, when the complainant sued, no antecedent creditors, nor creditor, whose equity he could invoke, or whose wrongs he could display as a foundation for relief personal to himself.

The fact is proved beyond dispute—indeed, scarcely any attempt was made to deny it—that the defendant, a year or more after he made the conveyance, repeatedly represented, to persons of whom he desired to obtain credit, that he was still the owner of the property. His conduct in this respect was not only fraudulent, but criminal, and he ought to have been made to suffer the consequences of his false pretences. But the property was then lawfully vested in another, whose title had been notified to all the world, by an open, public record, for a year or more, and no representation that the defendant could make, which was neither countenanced by nor known to the owner, could affect the title.

In my view, the complainant has failed to make a case which entitles him to the relief he asks; his bill must therefore be dismissed, with costs.